facts nor bills of exception. The verdict of the jury, the judgment of the court and the sentence, the indictment, and charge all appear to conform to the law. No error appearing, an affirmance will be ordered.

---

**1**

J. V. POLK, Plaintiff in Error, v. CITY OF SAN AUGUSTINE, Defendant in Error. (No. 1689.) Court of Civil Appeals of Texas. Beaumont. April 19, 1928. Rehearing Denied May 16, 1928. Error from District Court, San Augustine County; V. H. Stark, Judge. John H. Broocks, of Beaumont, for plaintiff in error. Ramsey & Minton, of San Augustine, for defendant in error.

O'QUINN, J. Defendant in error sued plaintiff in error for delinquent taxes. Judgment was for defendant in error, and the case is before us on writ of error. Neither party has filed briefs, and, no fundamental error appearing, the judgment should be affirmed; and it is so ordered. Affirmed.

---

**2**

J. V. POLK, Plaintiff in Error, v. SAN AUGUSTINE INDEPENDENT SCHOOL DISTRICT, Defendant in Error. (No. 1690.) Court of Civil Appeals of Texas. Beaumont. April 19, 1928. Rehearing Denied May 16, 1928. Error from District Court, Harris County; V. H. Stark, Judge. John H. Broocks, of Beaumont, for plaintiff in error. Ramsey & Minton, of San Augustine, for defendant in error.

O'QUINN, J. Defendant in error sued plaintiff in error for delinquent taxes. Judgment was for defendant in error, and the case is before us on writ of error. Neither party has filed briefs, and, no fundamental error appearing, the judgment should be affirmed; and it is so ordered. Affirmed.

---

**3**

Carter LINDSAY, Appellant, v. STATE of Texas, Appellee. (No. 11287.)

Court of Criminal Appeals of Texas. June 23, 1928.

For former opinion, see 5 S.W.(2d) 722.

On Motion for Rehearing.

LATTIMORE, J. We think sufficient justification set up for the failure to file this motion within the fifteen days allowed by statute.

The matters complained of were passed upon by us in our original opinion. The charge against appellant was running a disorderly house. The indictment herein was returned February 23, 1927. We think it not erroneous for the court to allow in evidence two bail bonds made in January by the woman who had charge of the house in question, upon which bail bonds this appellant appeared as surety. The state had the right upon the trial of this case to take into consideration any facts offered prior to the return of the indictment which legitimately showed appellant's knowledge of or interest in the running of said bawdy house upon his premises.

The bill of exceptions, complaining of the introduction of testimony given by the witness Sturdivant, wholly fails to show the surrounding facts shedding light upon the materiality of the testimony complained of. An examination of the statement of facts shows that the testimony complained of was material. Sturdivant was an officer, and found in the house and upon the premises, claimed to be run as a bawdy house, a drunken man whose actions and conduct were pertinent. The testimony showed that appellant was on and around the premises either immediately at that time or shortly thereafter. We find no error in the charges complained of. The learned trial judge fully protected the rights of appellant in the charge given.

Being unable to agree with the contentions made, the motion for rehearing is overruled.

END OF CASES IN VOL. 5 S.W.(2d)